940 F.2d 1538
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Marvin DAVIS, Plaintiff-Appellant,
v.
Major General Donald F. FERRELL, Adjutant General, Gregory
Amzi, Assistant Aircraft Maintenance Office, Oklahoma Air
National Guard, Colonel James R. McKinney, Air Commander,
Oklahoma Air National Guard, Defendants-Appellees.
 No. 91-6071.
 United States Court of Appeals, Tenth Circuit.
 Aug. 7, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 The sole question to be answered in this appeal is which Oklahoma statute of limitations is applicable to an action filed under 42 U.S.C. Sec. 1983.
 
 
 3
 According to his complaint, Appellant was terminated from his employment on February 10, 1988. This action was filed on September 18, 1990, approximately two years and seven months after the alleged wrongful act. The complaint contained three counts: the first was for "Deprivation of Property Without Due Process of Law," the second for "Deprivation of Freedom of Speech," and the third for "Violation of 42 U.S.C. 1983."
 
 
 4
 In response to Defendants' motion the district court held this action was time-barred and dismissed the complaint. The district court, sitting in Oklahoma, reasoned that as Appellant had alleged an injury to his personal rights, Oklahoma's residual statute of limitations for personal injuries should be applied. The district court determined the residual statute was Oklahoma's two-year statute.
 
 
 5
 Appellant argues Oklahoma's two-year statute of limitations is not Oklahoma's residual statute and asserts the residual statute is Oklahoma's five-year statute.
 
 
 6
 As we are deciding a question of law, our standard of review is de novo. We give no deference to the district court's interpretation of Oklahoma law.
 
 
 7
 Congress has failed to provide a specific statute of limitation that governs Sec. 1983 actions. The Supreme Court for many years urged courts to select the state statute of limitation "most analogous" and "most appropriate" to the particular Sec. 1983 action. Owens v. Okure, 488 U.S. 235, 239 (1989). In Wilson v. Garcia, 471 U.S. 261 (1985), the Supreme Court decided "Sec. 1983 claims are best characterized as personal injury actions," id. at 280, and held that a state's personal injury statute of limitations should be applied to all Sec. 1983 claims, id. at 280. In Owens, when confronted with a one-year statute covering intentional torts, the Supreme Court applied New York's three-year residual personal injury statute. Owens, 488 U.S. at 251. The Supreme Court reasoned that, as every state has one general or residual statute of limitations governing personal injury, confusion would be eliminated by adopting the rule that "where state law provides multiple statutes of limitations for personal injury actions, courts considering Sec. 1983 claims should borrow the general or residual statute for personal injury actions." Id. at 249-50.
 
 
 8
 Oklahoma's applicable statute of limitations (Okla.Stat. tit. 12, Sec. 95) reads in pertinent part:
 
 
 9
 Civil actions other than for the recovery of real property can only be brought within the following periods ...:
 
 
 10
 .............................................................
 
 
 11
 ...................
 
 
 12
 * * *
 
 
 13
 Third. Within two (2) years: ... an action for injury to the rights of another, not arising on contract, and not hereinafter enumerated; ...
 
 
 14
 Fourth. Within one (1) year: An action for libel, slander, assault, battery, malicious prosecution, or false imprisonment; ...
 
 
 15
 .............................................................
 
 
 16
 ...................
 
 
 17
 * * *
 
 
 18
 Sixth. An action for relief, not hereinbefore provided for, can only be brought within five (5) years
 
 
 19
 .............................................................
 
 
 20
 ...................
 
 
 21
 * * *
 
 
 22
 Appellant argues the two-year statute does not apply by its own terms as this cause of action arose on a contract and then asserts that the five-year statute is the residual statute of limitations that should be applied in this case. We are not persuaded.
 
 
 23
 The Supreme Court in Wilson clearly held an action based upon Sec. 1983 is to be treated as a personal injury action for purposes of determining the appropriate statute of limitations. 471 U.S. at 280. Appellant misreads Owens. Owens teaches us to apply the residual statute of limitations "only where state law provides multiple statutes of limitations for personal injury actions and the residual one embraces ... unspecified personal injury actions." 488 U.S. at 250 n. 12 (emphasis added). In the case before us, the action clearly does not arise from contract. The action is based upon the alleged violation of Appellant's due process and free speech rights. We therefore apply the Oklahoma statute embracing unspecified personal injury actions (Okla.Stat. tit. 12, Sec. 95), which provides a two-year limit on unenumerated actions for injury to the rights of another. Appellant's action is time-barred under this statute, and the judgment of the district court should be affirmed.
 
 
 24
 This result is bolstered by our decision in Meade v. Grubbs, 841 F.2d 1512 (10th Cir.1988), where we held that Oklahoma's two-year statute of limitations for "injury to rights of another, not arising out of contract, and not hereinafter enumerated," applies to claims under Sec. 1983. Id. at 1522. The Supreme Court tacitly approved Meade's holding in Owens by citing Meade as an example of the favored "second approach" to selecting the proper statute of limitations for Sec. 1983 actions--that of using the general personal injury statute rather than the intentional torts statute. See Owens, 488 U.S. at 242 n. 6. The Court also mentioned Oklahoma in its discussion of states having multiple personal injury statutes of limitations and, we think significantly, listed Oklahoma's one-year intentional torts statute and its two-year "injury to rights of another" statute--not the five-year statute that Appellant prefers. See id. at 247 n. 8. A reading of the entire Oklahoma statute reveals the two-year limit applies to all personal injuries, as we held in Meade, 841 F.2d at 1522, and the five-year limit applies to many other situations not involving personal injury.
 
 
 25
 Appellant next contends the action of the trial court should be reversed as his complaint supported another possible theory, and on that basis he alleges he pleaded a claim of tortious breach of contract. Even if we were to agree with Appellant, such a construction of the complaint would result in the federal court having no jurisdiction. We find no merit to this contention now raised by Appellant.
 
 
 26
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3